UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-CR-20039 |
| ) | |
| RASHAUD C. HARRELL, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before this court for ruling on Defendant's request for permission to disclose his presentence report to the National Lawyers Professional Association for the purpose of assistance in his objections to the presentence investigation report and sentencing memorandum. This court has carefully considered Defendant's request, the Government's Response, and Defendant's Reply. Following this careful and thorough consideration, Defendant's request is GRANTED.

BACKGROUND

On August 20, 2008, Defendant was charged by indictment (#27) with the offense of conspiracy to distribute a controlled substance, namely, 5 kilograms or more of cocaine and 50 or more grams of a mixture and substance containing cocaine base (crack), Schedule II controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). On October 17, 2008, Defendant pleaded guilty to the charge against him, pursuant to a written plea agreement (#32). Sentencing was scheduled for January 22, 2009, at 1:30 p.m.

On December 12, 2008, Defendant, through his attorney, Herbert Abrams, filed a Motion to Continue (#25). Defendant stated that he needed additional time to file objections to the presentence report and asked that the sentencing date be continued. Defendant also stated:

> The defendant wishes to employ the services of National Legal

>Professional Associates to assist in his objections to the presentence investigation report and sentencing memorandum. The defendant is seeking permission to disclose the presentence report to National Lawyers Professional Association for this purpose. The cost of employing them is being funded by the defendant's family and they need additional time to raise these funds. Based on the above issues the defendant is requesting [a] sixty day extension for the filing of objections to the pre sentence report and a ninety day extension on his sentencing date.

On December 18, 2008, this court entered a text order which granted that portion of Defendant's motion which requested a continuance of the sentencing date and additional time to file objections. This court stated that the portion of the motion asking that the presentence investigation report be disclosed to the National Legal Professional Associates (NLPA) was taken under advisement. This court directed the Government to respond to that issue by January 8, 2009. This court further ordered that the sentencing hearing set for January 22, 2009, at 1:30 p.m. was converted to a status conference by telephone.

On December 24, 2008, the Government filed its Response to Defendant's Request to Disclose Presentence Report to the NLPA (#36). The Government noted that the founder of the NLPA, Hugh Wesley Robinson, was permanently disbarred by the Ohio Supreme Court in 1985. The Government further noted that none of the staff attorneys listed on the NLPA website are licensed to practice law in Illinois. The Government cited the Seventh Circuit's decision in United States v. Johnson, 327 F.3d 554 (7th Cir. 2003), in which the Seventh Circuit upheld a decision of the U.S. District Court for the Southern District of Illinois that the NLPA and Robinson had been

2

engaged in the unauthorized practice of law. The Government argued that, in Johnson, the Seventh Circuit noted that only a defendant's attorney had the ultimate authority and discretion to hire the NLPA and that the Johnson case indicates that the defense attorney must be willing to supervise the NLPA staff involved in the case, as none of the attorneys are licensed to practice law in Illinois. The Government argued that Defendant's request should be denied because Defendant's attorney did not indicate in the motion that he was hiring the NLPA and that the services of the NLPA would be performed at his request and under his direction.

On December 29, 2008, Defendant filed a Reply to Government's Objection (#37). Defendant stated that he and his attorney had discussed the use of the NLPA's services for the purpose of sentencing. Defendant stated that he understands that his attorney will be the one employing the services of the NLPA solely at his discretion and direction. Defendant further stated that the NLPA will be under the supervision of his attorney and Defendant will be providing the costs to hire the NLPA through his attorney's office. Defendant stated that "[a]ll directions, decisions and supervision of the NLPA's staff will be done through the attorney for the defendant." Defendant also stated that he has several complicated sentencing issues which require extensive research and that the disclosure of his presentence report is necessary in order to meet the ends of justice in this case.

## ANALYSIS

In Johnson, the defendant had contacted the NLPA after learning of the organization from a fellow inmate at the St. Clair County Jail. Johnson, 327 F.3d at 557. The defendant received a promotional brochure and became convinced of the necessity of the NLPA's assistance with his case. Johnson, 327 F.3d at 557. The defendant's attorney, however, declined to associate himself with the NLPA, which led to the defendant's disciplinary complaint against his attorney and the

attorney's motion to withdraw as the defendant's counsel. Johnson, 327 F.3d at 557. Chief Judge G. Patrick Murphy determined that the NLPA and Robinson had engaged in the unauthorized practice of law in cases other than the defendant's and further determined that the practical effect of the NLPA's unsolicited marketing activities targeting criminal defendants was to interfere with the attorney-client relationship. Johnson, 327 F.3d at 558. Chief Judge Murphy entered an order which placed restrictions on the NLPA's permitted paralegal activities in the Southern District of Illinois and also required the NLPA to pay the fees it received into the court as a monetary sanction. Johnson, 327 F.3d at 559. Robinson and the NLPA appealed.

On appeal, the Seventh Circuit found no fault with the district court's determination that Robinson and the NLPA were engaged in the unauthorized practice of law. Johnson, 327 F.3d at 561-62. The Seventh Circuit stated that the services provided by the NLPA "might have been permissible if performed at the request and under the direction of a lawyer." Johnson, 327 F.3d at 562. The Seventh Circuit had earlier noted that "only a defendant's attorney had the ultimate authority and discretion to hire NLPA." Johnson, 327 F.3d at 557. The Seventh Circuit went on to conclude that the sanctions imposed were not warranted. Johnson, 327 F.3d at 563.

Based upon Johnson, this court agrees with the Government that the Seventh Circuit has indicated that the defense attorney must be willing to supervise the NLPA staff as none of its attorneys are licensed to practice law in Illinois. This court concludes that Defendant may permissibly use the services of the NLPA so long as the services are performed at the request and under the direction of his counsel. In his Reply, Defendant has stated that his attorney will be the one employing the services of the NLPA solely at his discretion and direction and that the NLPA will be under the supervision of his counsel. This court therefore concludes that Defendant's request meets the requirements set out by the Seventh Circuit in Johnson and will be allowed.

IT IS THEREFORE ORDERED THAT:

(1) Based upon Defendant's representation, through his attorney, that Defendant's counsel is the one employing the NLPA solely at his discretion and direction and that the NLPA will be under the supervision of Defendant's counsel, Defendant's request for permission to disclose his presentence report to the NLPA for the purpose of assistance in his objections to the presentence investigation report and sentencing memorandum is GRANTED.

(2) Defendant's counsel is directed that he is required to supervise the NLPA at all times because its attorneys are not licensed to practice law in Illinois.

(3) This case remains scheduled for a telephone status conference on January 22, 2009, at 1:30 p.m. A new sentencing date will be scheduled at the status conference.

ENTERED this 31st day of December, 2008

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE